# LAWRENCE *v.* RECTOR.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF ARKANSAS.

No. 56. Argued November 6, 7, 1890.—Decided November 17, 1890.

The court adheres to the views of the law expressed in its opinion delivered at the former trial of this case, (*Rector* v. *Gibbon*, 111 U. S. 276,) and finds that the decree below was made in accordance with them.

Under the peculiar circumstances of this case, having reference to the doubt as to title, and to the evident good faith of the parties, the true measure of liability is the actual receipts from the property, and not its rental value; and in that respect the decree below is held to have been erroneous.

IN EQUITY. The case is stated in the opinion.

*Mr. Henry A. Gardner* (with whom was *Mr. Robert D. McFadon* on the brief) and *Mr. Samuel W. Williams* (with whom was *Mr. S. F. Clark* on the brief) for appellants.

*Mr. U. M. Rose* and *Mr. Augustus H. Garland* (with whom were *Mr. F. W. Compton* and *Mr. G. B. Rose* on the brief) for appellee.

MR. JUSTICE BREWER delivered the opinion of the court.

This is the second time this case has been to this court. It came first on demurrer to the bill, and the decision is reported in 111 U. S. 276. The demurrer, which had been sustained in the Circuit Court, was overruled by this, and the case remanded with instructions to permit answer and proceed to proof. Obediently thereto answer was filed in the Circuit Court, and the case proceeded to proof and hearing. The history of the " Hot Springs " litigation, of which this is but a fragment, has been so often referred to in the opinions of this court, particularly in the case in 111 U. S. *supra*, that reference thereto now is superfluous; and in reference to the principal matter in controversy here, the title to the lots, it is enough to say that every material fact alleged in the bill was proved, and that nothing was developed in answer or testimony to disturb the conclusions of law heretofore reached by

this court. The matter of title was established by the decree of the Circuit Court in accordance with the views of the law entertained and announced by this court, and there is nothing in the testimony to withdraw the case from the scope of that conclusion.

The Circuit Court entered a decree for title — also directed an accounting. That accounting, as finally settled, credited the defendant with the amount of taxes and assessments paid by him — the amount of purchase-money paid to the United States for the lots and the expenses incurred in obtaining the patent — and the amount due for improvements, on the basis of the lease which established the rights of the parties, and charged him with the money received on certificates from the government for buildings condemned and destroyed, and also the rental value of the premises from the time of the award of the commissioners to the date of the decree. We are of opinion that the rental value ought not to have been charged; that, under the peculiar circumstances of this case, having reference to the doubt that must have arisen as to the matter of title, to the *prima facie* effect of the award given by the commissioners, and to the evident good faith of all the parties in reference thereto, the true measure of liability is not the rental value, but the actual receipts. This account, as stated by the Circuit Court, was as follows:

To rent of premises . . . . . . . . . . . . . . $9,541 66
To amount due on certificates for condemned build-
ings . . . . . . . . . . . . . . . . . . . . 10,737 86
                                                _____
                                                $20,279 52

By amount of taxes and assessments paid, $2,306 98
By amount purchase-money paid for lots,   1,528 00
By amount expenses in getting patent   .    112 35
By amount for improvements as per
covenant . . . . . . . . . . . . . . 8,666 67
                                      _____
                                      $12,614 00  $12,614 00
                                                  _____

        Balance due Rector            $7,665 52

Statement of the Case.

This account should be modified so as to charge defendant with amount received on certificates for condemned buildings, $10,737.86, and other amounts actually received from the property, $5659.07; total $16,396.93. From which, deducting the credits allowed, there remains a balance of $3782.93.

The decree of the Circuit Court will therefore be modified and the case

*Remanded with instructions to enter a final decree, as heretofore, establishing the title of the complainant and decreeing to him possession, and adjudging that he recover of the defendants the sum of $3782.93, with interest from the 11th day of November, 1886, the time of the final decree.*